IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV71-02-V
(5:05CR235-1-V)

| | |
|---|---|
| **WHITNEY KERMIT SIMON,** )<br>     Petitioner, )<br> ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** )<br>     Respondent. )<br>_____) | |

**THIS MATTER** is before this Court upon the petitioner's form "Motion To Vacate, Set Aside Or Correct Sentence . . . " under 28 U.S.C. §2255, filed June 21, 2007.  For the reasons stated here-in, the petitioner's Motion to Vacate will be <u>dismissed</u> for failure to state a claim for relief.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the record of his underlying criminal case, on August 23, 2005, the petitioner (along with twelve other persons) was charged with conspiring to possess with the intent to distri-bute 50 grams or more of cocaine base and five kilograms or more of powder cocaine, all in violation of 21 U.S.C. §846.

On December 9, 2005, the petitioner entered into a written Plea Agreement by which he agreed to plead guilty to the charge which he was facing.  Such written Agreement stipulated, <u>inter alia</u>, that the amount of cocaine base which was known or reason-ably foreseeable by the petitioner was in excess of 1.5

kilograms; and that the corresponding offense level was 38.

The Plea Agreement also set forth a waiver provision by which the petitioner, in consideration of certain concessions which were being offered by the government, agreed to waive his right to directly appeal his case, or to collaterally challenge his conviction or sentence on any grounds, except ineffective assistance of counsel and/or prosecutorial misconduct. The parties' Agreement was filed with the Court on December 19, 2005.

Next, on January 5, 2006, the petitioner appeared before the Court for a Plea & Rule 11 Hearing. On that occasion, the Court engaged the petitioner in its standard, lengthy colloquy to ensure that he fully understood what he was doing, was proceeding on his own volition, and understood the terms and conditions of his Plea Agreement. After hearing the petitioner's answers to its numerous questions, the Court found that his guilty plea was being intelligently and voluntarily tendered pursuant to the Plea Agreement, and so the Court accepted the plea.

On June 19, 2006, the government filed a "Motion For A Downward Departure . . . ." Such Motion, made pursuant to U.S. Sentencing Guidelines §5K1.1, reported that the petitioner's Total Offense Level was 37, his criminal history category was IV, and his corresponding range of imprisonment was a term of life imprisonment. Further, the Motion reported that the petitioner had timely cooperated with the government; therefore, the

government requested a two-level reduction in the petitioner's Offense Level, and a total sentence of 240 months imprisonment.

Thereafter, on June 19, 2006, the Court conducted a Factual Basis & Sentencing Hearing for the petitioner. During that proceeding, the Court affirmed its acceptance of the petitioner's guilty plea, and it granted the government's Motion for a Downward Departure. However, after hearing from the parties, the Court sentenced the petitioner to a term of 195 months imprisonment, rather than to the 240-month term for which the government had argued. The Court's Judgment was filed on July 12, 2006, but the petitioner did not seek a direct appeal of his case.

Rather, after waiting more than ten months, the petitioner returned to this Court with the instant Motion to Vacate. By this Motion, the petitioner claims only that his "sentence was enhanced due to an error of fact in the Presentencing Report." However, inasmuch as the petitioner has waived his right to bring this claim and, in any event, the claim is factually baseless, the petitioner's claim will be summarily dismissed.

## II. ANALYSIS

### 1. The petitioner's claim of sentencing error is barred by the waiver provision in his Plea Agreement.

As has been noted, the petitioner pled guilty pursuant to a written Plea Agreement with the government. That Agreement contained a waiver provision by which the petitioner waived the

vast majority of his rights to collateral review. Therefore, in the absence of any reason why such waiver should not be enforced by this Court, the petitioner's claim must be summarily rejected.

Indeed, the Fourth Circuit has repeatedly approved the knowing and voluntary waiver of a defendant's rights to appeal and/or to collaterally challenge his conviction and sentence. See, e.g., United States v. General, 278 F.3d 389, 399-01 (4th Cir) (finding waiver "knowing and intelligent" based upon totality of the circumstances), cert. denied, 536 U.S. 950 (2002); United States v. Brown, 232 F.3d 399 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); and United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992).

To be effective, "the record must show that the waiver was based on a knowing and intelligent decision." General, 278 F.3d at 400 (internal quotation omitted), quoting Davis, 954 F.2d at 186. In determining whether a waiver of appellate rights is "knowing and voluntary," and therefore effective, the Fourth Circuit applies a "totality of the circumstances" test to the facts. General, 278 F.3d at 400-01. To put it another way, whether a waiver of the right to appeal is knowing and intelligent depends on the facts and circumstances surrounding its making, including the defendant's background, experience and conduct. Davis, 954 F.2d at 186. Thus, a waiver can be effective even if the court does not question the defendant about it,

4

so long as the other evidence in the record shows that the waiver was informed and voluntary.  Id.

In the instant case, the petitioner, under the advice of an attorney about whom he does not complain, executed a Plea Agreement by which he agreed to waive his right to collaterally challenge his conviction or sentence on the ground which he has set forth in the instant Motion to Vacate.  Moreover, after execution of that Agreement, the petitioner appeared before the Court and answered numerous questions relating to it.  That is, during the petitioner's Plea & Rule 11 Hearing, he swore that he had discussed numerous matters with his attorney, including the nature and consequences of his guilty plea, the terms and conditions of the parties' Agreement, and the waiver provisions which are set forth in the Agreement.

Consequently, inasmuch as the petitioner has not even hinted at any basis upon which this Court could disregard such sworn representations, the Court finds that the waiver provisions in the petitioner's Plea Agreement are fully enforceable, and stand as an absolute bar to his right to proceed with this claim.

2. **Even if it were not waived, the petitioner still could not prevail with this claim**.

Finally, it has not escaped the Court's attention that the petitioner's claim of an erroneous sentence enhancement is factually baseless.  That is, the petitioner contends that his sentence was enhanced on the basis of "a State charge of posses-

sion of a firearm by a felon," but since that State charge subsequently was dismissed, he should not have received a two-level increase in his offense level.

However, as the page which the petitioner submitted from his Pre-Sentence Report accurately reflects, the two-level increase in the petitioner's Offense Level was imposed pursuant to U.S. Sentencing Guidelines §2D1.1(b)(1) because he was arrested while engaged in drug trafficking activities and also found to be in possession of a firearm on that occasion. Contrary to the petitioner's suggestion, the increase was not applied because the Probation Officer mistakenly thought that he had been convicted of a State felon-in-possession charge. Indeed, the portion of the Pre-Sentence Report upon which the petitioner is relying made no mention of any firearm-related conviction. Thus, inasmuch as §2D1.1(b)(1) calls for a two-level increase when an individual possesses a firearm while trafficking in drugs, and does not depend upon whether the individual has been charged with or convicted of a firearm-related charge, it is clear that the subject enhancement properly was applied to the petitioner.

### III.   CONCLUSION

By the terms of his Plea Agreement, the petitioner waived his right to bring a challenge to his sentence on the basis of an allegedly erroneous Guidelines calculation, and he has failed even to suggest that such waiver provision cannot now be enforced

against him.  Moreover, the Court, for itself, has determined that the waiver provision set forth in the petitioner's Plea Agreement is valid and fully enforceable against him.  Accordingly, the petitioner's Motion to Vacate will be <u>dismissed</u>, ultimately for the petitioner's failure to state a claim for relief.

## IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** for failure to state a claim for relief.

**SO ORDERED.**

Signed: July 9, 2007

Richard L. Voorhees
United States District Judge